# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DONALD WALTER,

    Plaintiff,

v.                                                CIV 01-0058 WJ/KBM - ACE

DETECTIVE OSCAR VILLEGAS,
SERGEANT CLARENCE DAVIS and
DETECTIVE RICK FOLEY

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS VILLEGAS, DAVIS, AND FOLEY'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to the Motion for Summary Judgment [Docket No. 31] filed by Defendants Villegas, Davis, and Foley.

Plaintiff does not oppose the motion to the extent it is filed on behalf of Defendant Foley. Therefore, Defendant Foley is entitled to summary judgment on all claims.

In this motion, Defendants Villegas and Davis have raised the defense of qualified immunity for the federal civil rights claims stated against them in Counts I and II of the Complaint. The federal civil rights claims include claims for the use of excessive force, false arrest, denial of medical attention, and wrongful prosecution. Defendants also argue they are entitled to summary judgment on the state tort claims alleged in Counts I and II because the New Mexico Tort Claims Act has not waived immunity for the acts of Defendants.

## LEGAL STANDARD

The defense of qualified immunity is designed to shield public officials from erroneous suits as well as liability and protects all but the plainly incompetent or those who knowingly

violate the law. Holland v Overdorff, 268 F.3d 1179 (10th Cir. 2001); Hinton v City of Elwood, Kansas, 997 F.2d 774, 779 (10th Cir. 1993). For this reason, special standards apply to a summary judgment motion raising the defense of qualified immunity. Id. When a defendant asserts a qualified immunity defense, Plaintiff bears the initial burden of making two showings. Holland v Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001). First, a plaintiff must show that a defendant's alleged actions violated a constitutional or statutory right. Id. The Court, in determining whether this showing is made, must assess whether the facts, taken in the light most favorable to the plaintiff, show that the defendant's conduct violated a constitutional or statutory right. Id. If a favorable view of the alleged facts shows the violation of a constitutional or statutory right, the plaintiff must then show that the right was clearly established at the time the allegedly wrongful conduct occurred. Id. at 1186. The contours of the right must have been sufficiently clear at the time such that a reasonable official would have understood that his or her conduct was unlawful. Id. A constitutional right is clearly established for qualified immunity purposes when there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Camfield v City of Oklahoma City, 248 F.3d 1214, 1228 (10th Cir. 2001). If a plaintiff makes the required showings, the burden then shifts back to the defendant to make the usual showing required of defendants moving for summary judgment. Hinton, 997 F.2d at 779.

  Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing an absence of a genuine issue of material

fact falls upon the moving party. See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671. The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue for trial sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998). However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001).

**FACTS**

In this case, viewing the facts in a light most favorable to Plaintiff for purposes of the motion,[1] the Court must assume that Detective Villegas, while driving an unmarked vehicle, picked a woman up off the street. Plaintiff, driving another vehicle along the same street, was unaware that Detective Villegas was a police officer. Plaintiff believed the woman in Detective Villegas' car was a friend and became concerned when Detective Villegas' car swerved across the road and then swerved back. Plaintiff tailgated Detective Villegas. At some point, Detective Villegas stopped his car suddenly and Plaintiff hit Detective Villegas' vehicle from behind.

---

[1]The facts assumed by the Court are gleaned from Plaintiff's deposition testimony and Davis' deposition testimony attached to Plaintiff's Response.

Detective Villegas then pulled off the street onto a side street and Plaintiff followed. Both Plaintiff and Detective Villegas exited their cars. Detective Villegas advanced toward Plaintiff in a threatening way and asked Plaintiff what his problem was. Detective Villegas was cursing Plaintiff and threatening him. The woman got out of Detective Villegas' car, and Plaintiff asked Detective Villegas whether the woman's name was Michelle. Detective Villegas told Plaintiff it was none of his business and again threatened Plaintiff. Plaintiff was still unaware that Villegas was a police officer. Villegas then approached Plaintiff in a threatening manner and began swinging at Plaintiff. Villegas then went back toward his own vehicle and told Plaintiff to get out of the area.

Plaintiff began to move toward his own vehicle, but Villegas ordered Plaintiff to stop and informed Plaintiff that he was a police officer. Villegas told Plaintiff to put his hands behind his back. Plaintiff complied. Villegas then hit Plaintiff hard in the back of the head three times. Based on Villegas' actions, Plaintiff believed Villegas had lied about being a police officer and was a civilian intending to beat Plaintiff up. Plaintiff thus swung around toward Villegas and observed Villegas reaching inside his jacket. Plaintiff then jumped onto Villegas' back. They were wrestling when Plaintiff felt a gun in Villegas' hand. Villegas was yelling that he was going to kill Plaintiff. Villegas never repeated that he was a police officer. The two were struggling on the ground and the gun went off. Plaintiff was on top of Villegas at the time. Plaintiff was then struck on the head several times by a third individual later identified as Sergeant Davis.

Sergeant Davis came upon Plaintiff and Villegas while Plaintiff was on top of Detective Villegas. Sergeant Davis admits to hitting Plaintiff several times in the head. According to Plaintiff, Davis was telling Villegas to move so that Davis could shoot Plaintiff without injuring

4

Villegas. Plaintiff alleges, and testifies in his deposition, that Davis put a gun to Plaintiff's ear in addition to hitting Plaintiff several times with the butt of a gun. Sergeant Davis admits to jumping on Plaintiff's back, hitting him multiple times in the head, hitting him with his weapon, and threatening him when he came upon Plaintiff and Villegas struggling on the ground. He denies placing the barrel of his gun in Plaintiff's ear and states he placed it at the base of Plaintiff's neck. He also testifies in his deposition that he thought Villegas had been shot. Davis was aware that Villegas was a fellow police officer and the two often worked together.

I.  DEFENDANTS' QUALIFIED IMMUNITY DEFENSE

   A.  <u>On Plaintiffs' Claims Based on a Use of Excessive Force and False Arrest</u>

Clearly, if the facts are as alleged by Plaintiff, Detective Villegas violated Plaintiff's clearly established constitutional rights. It is well settled that a law enforcement officer cannot beat a citizen who is not resisting arrest. Plaintiff alleges and offers competent evidence in the form of his own testimony that he complied with Villegas' requests after Villegas identified himself as a police officer. He then alleges that Villegas, rather than proceeding with a lawful arrest, began beating Plaintiff such that Plaintiff believed Villegas had lied about being a police officer and was in fact a civilian attempting to kill him. Viewing the facts most favorably to Plaintiff, Defendant Villegas is not entitled to summary judgment based on the defense of qualified immunity for federal constitutional claims based on a use of excessive force or federal constitutional claims based on false arrest. Furthermore, Defendant Villegas is not entitled to summary judgment because the truth of Plaintiff's version of the facts is an issue of fact to be determined by the trier of fact.

The case of Defendant Davis is not so clear. As noted above, the burden is on Plaintiff to

show that Defendant Davis violated his constitutional rights, and that the right was clearly established at the time of the violation such that a reasonable officer would know that his conduct violated Plaintiff's rights. The facts as alleged and testified to by Plaintiff, and as admitted by Davis, show that Defendant Davis did use physical and even potentially deadly force against Plaintiff. However, Plaintiff has made no allegation and produced no evidence to suggest that Davis was aware of the circumstances of the altercation between Villegas and Plaintiff. The only reasonable inference that can be drawn from the allegations and evidence is that Davis was acting to protect the life of a fellow police officer who appeared to be under deadly attack by a civilian.

Davis is thus entitled to qualified immunity on all claims against him regarding the use of force against Plaintiff and his arrest of Plaintiff. While Villegas' use of force was not justified if Plaintiff's allegations are assumed true, Davis' use of force was justified for the defense of another based on the allegations and the evidence in this case. Therefore, Davis did not violate Plaintiff's constitutional rights.

Even if Davis' actual conduct can be said to have violated Plaintiff's constitutional rights, it cannot be said that this right was clearly established at the time such that a reasonable law enforcement officer in Davis' circumstances would have known his conduct violated Plaintiff's rights. To the contrary, a reasonable officer in Davis' circumstances would have believed his conduct was justified to protect the life of another law enforcement officer.

Assuming, arguendo, that Defendant Davis is not entitled to qualified immunity, he is still entitled to summary judgment on these claims. Plaintiff has presented no evidence to support an inference that Davis' conduct was anything other than a justified response to an apparent attack by a civilian on a police officer. No reasonable jury could return a verdict for Plaintiff on these

claims based on the evidence in the record.

      B.    <u>On Plaintiff's Claims Based on a Denial of Medical Care and the Criminal Prosecution</u>

In order to overcome the defense of qualified immunity, the burden is initially on Plaintiff to show that the Defendants' conduct violated his constitutional rights and that this right was clearly established at the time. Plaintiff's response to Defendants' Motion does not address the federal constitutional claims associated with the denial of medical care or the allegedly wrongful criminal prosecution of Plaintiff. Therefore, Plaintiff has failed to meet his burden and Defendants are entitled to summary judgment on the basis of qualified immunity on the federal claims based on a denial of medical care and wrongful prosecution. Even if Defendants were not entitled to summary judgment on the basis of qualified immunity, they would be entitled to summary judgment on the basis of a lack any evidence showing a disputed issue of material fact regarding either of those claims.

II.    STATE TORT CLAIMS

Defendants assert that Plaintiff's claims are not claims for which the New Mexico Tort Claims Act waives immunity. However, Defendants' legal argument focuses on the facts of this case rather than on the statutory basis asserted for the argument. In any event, the New Mexico Tort Claims Act does waive immunity for assault, battery, false arrest, malicious prosecution, and the deprivation of any rights privileges, or immunities secured by the constitution and laws of the United States or New Mexico. N.M. Stat. Ann. 1978 § 41-4-12. Therefore, to the extent Plaintiff has stated claims for violations of his federal or state constitutional rights, for assault or battery, or for false arrest or malicious prosecution, immunity for those claims has been waived

and Defendants are not entitled to summary judgment on the basis of sovereign immunity.

Defendants' legal arguments for summary judgment on the state tort claims focuses on the factual basis for those claims. The Court interprets these arguments as straightforward assertions that Plaintiff cannot come forward with sufficient proof to support those claims.

As noted above, Plaintiff has come forward with sufficient evidentiary support for his federal constitutional claims against Defendant Villegas based on use of excessive force and false arrest to survive summary judgment. By extension, Plaintiff's state tort claims alleging these violations also survive summary judgment. Additionally, to the extent Plaintiff asserts claims against Defendant Villegas for assault, battery, and false arrest, these claims also survive summary judgment.

The state tort claims against Davis based on his actions during the altercation with Plaintiff, however, are not supported by any evidence creating a genuine issue of material fact. As noted above, nothing in the record supports that Davis can be held accountable for any violation of Plaintiff's constitutional rights. Similarly, nothing in the record creates a genuine issue of material fact regarding whether Davis' conduct was unlawful. Therefore, Defendant Davis is entitled to summary judgment on all state tort claims.

Plaintiff offers no evidence to support any state tort claim arising from any failure of Defendants to provide him with medical care. Additionally, Plaintiff offers no evidence to support any state tort claim for malicious abuse of process. Therefore, all Defendants are entitled to summary judgment with regard to any such claims.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment

[Docket No. 31] is GRANTED IN PART in that summary judgment is granted with regard to all claims against Defendants Foley and Davis.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [Docket No. 31] is GRANTED IN PART in that summary judgment is granted with regard to all claims alleging or arising from a denial of medical care or unlawful or malicious prosecution with regard to Defendant Villegas.

IT IS FINALLY ORDERED that Defendants' Motion for Summary Judgment [Docket No. 31] is DENIED IN PART in that summary judgment is denied with regard to all remaining claims against Defendant Villegas.

UNITED STATES DISTRICT JUDGE